Jeffrey A. Cogan, Esq.
JEFFREY A. COGAN CHARTERED, a PLLC
Nevada Bar No. 4569
1057 Whitney Ranch Drive, Suite 350
Henderson, Nevada 89014-3191
Telephone: (702) 474-4220
Facsimile: (702) 474-4228
Email: jeffrey@jeffreycogan.com

Rachel E. Kaufman
Florida Bar #87406
rachel@kaufmanpa.com
KAUFMAN P.A.
237 S Dixie Hwy, 4th Floor
Coral Gables, FL 33133
Telephone: (305) 469-5881
Admitted *Pro Hac Vice*
*Attorneys for Plaintiff and the putative Class*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| **KELLY USANOVIC,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**VEGAS REALTY EXPERTS LLC**, a Missouri registered company,<br><br>*Defendant.* | Case No. 2:23-cv-00588-JAD-NJK<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

**FIRST AMENDED CLASS ACTION COMPLAINT**

Plaintiff Kelly Usanovic ("Plaintiff Usanovic" or "Usanovic") brings this Class Action Complaint and Demand for Jury Trial against Defendant Vegas Realty Experts LLC ("Defendant" or "VRE") to stop Defendant from violating the Telephone Consumer Protection Act ("TCPA") by making telemarketing calls without consent to consumers who registered their phone numbers on the National Do Not Call registry ("DNC"). Plaintiff also seeks injunctive and

monetary relief for all persons injured by Defendant's conduct. Plaintiff Usanovic, for this Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

This case specifically addresses a consumer's right to be left alone from intrusive calls from realtors soliciting their services at the behest of their brokerages. Defendant VRE trains their real estate agents to make cold calls to generate listings for its benefit and otherwise approves of this activity.

## PARTIES

1. Plaintiff Kelly Usanovic is a resident of Las Vegas, Nevada.

2. Defendant VRE is a Nevada registered company headquartered in Las Vegas, Nevada. Defendant VRE conducts business throughout this District.

## JURISDICTION AND VENUE

3. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4. This Court has personal jurisdiction over the Defendant because Defendant is located in this District and because the wrongful conduct giving rise to this case was directed by the Defendant from this District. In addition, Plaintiff also resides in this District.

## INTRODUCTION

5. As the Supreme Court explained at the end of its term this year, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting

back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

6. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

7. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

8. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

9. By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

10. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

11. According to online robocall tracking service "YouMail," 4.3 billion robocalls were placed in February 2023 alone, at a rate of 154.6 million calls per day. www.robocallindex.com (last visited April 2, 2023).

12. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

13. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls

FIRST AMENDED CLASS ACTION COMPLAINT
-3-

14. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

**COMMON ALLEGATIONS**

15. Defendant VRE operates a full-service real estate company that services consumers throughout Nevada in buying and selling properties.[3]

16. Defendant VRE trains and coaches its real estate agents, including Arman Abulyan, the real estate agent that placed calls to Plaintiff Usanovic, as can be seen from a training session video VRE placed on Facebook:



---

[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf
[3] https://www.realtor.com/realestateagency/6334a5cd0e6fdb469183340d
[4] https://www.VREnv.com/career-opportunity

FIRST AMENDED CLASS ACTION COMPLAINT
-4-

1    17.    Defendant VRE trains its real estate agents to place unsolicited calls to consumers who had listed a property with a different real estate brokerage but for whom the property did not sell and the agent listing expired regardless of whether their telephone numbers are registered with the National Do Not Call Registry. In the real estate business, these properties are referred to as expired listings:

> Article 16 of the *Code of Ethics of the National Association of Realtors®* states:
>
> "Realtors® shall not engage in any practice or take any action inconsistent with exclusive representation or exclusive brokerage relationship agreements that other Realtors® have with clients."
>
> Under the Bright MLS Rules & Regulations, "Expired" or "Cancelled" status means that there is no longer an active brokerage agreement/listing contract with the seller. Therefore, the seller may be contacted without a potential violation of Article 16. However, "Withdrawn" status means that "the listing has [5]

18.    Placing a call to a consumer with an expired listing is a cold call. In most cases, such as with Plaintiff, the consumer with the expired listing has never provided consent to be called by a different real estate brokerage than it had a prior relationship with.

19.    Defendant VRE trains its real estate agents to place calls to consumers with expired listings and to identify themselves as calling from Vegas Realty Experts, as is evident by the calls Plaintiff Usanovic received.

20.    Defendant VRE also provides consumer leads to its real estate agents:

---

[5] https://www.nvar.com/realtors/laws-ethics/legal-blog/what-realtors-need-to-know-about-expired-or-cancelled-listings#:~:text=Under%20the%20Bright%20MLS%20Rules,potential%20violation%20of%20Article%2016.



21. In response to these unsolicited telemarketing calls, Plaintiff Usanovic files this lawsuit seeking injunctive relief requiring the Defendant to cease from violating the Telephone Consumer Protection Act, as well as an award of statutory damages to the members of the Class and costs.

**PLAINTIFF USANOVIC'S ALLEGATIONS**

22. Plaintiff Usanovic cell phone number was registered on the DNC on June 25, 2005.

23. Plaintiff Usanovic's cell phone number is not associated with a business and she uses it as one would use a home landline phone number.

24. Plaintiff Usanovic had a property listed for sale using a real estate agent that is not affiliated with VRE. Plaintiff has been working with this same real estate agent since 2014 and has had no desire to work with any other realtor.

25. Plaintiff Usanovic's property listing expired in February of 2023. As soon as it expired, Plaintiff was flooded with unsolicited calls to her cell phone from real estate agents.

---

[6] https://www.instagram.com/p/CniVUoovBxP/?hl=en

FIRST AMENDED CLASS ACTION COMPLAINT
-6-

26. On February 15, 2023 at 10:56 AM, Plaintiff Usanovic received an unsolicited call to her cell phone from Arman Abulyan, a VRE real estate agent, from phone number 702-487-0006. Zoranovic identified himself as calling from Vegas Realty Experts. He was calling because he knew Plaintiff's property listing had expired and he was calling to solicit Plaintiff's business so she would relist with him.

27. According to the VRE Facebook page, 702-487-0006 is the direct number for Arman Abulyan:

> **Vegas Realty Experts** is at **Vegas Realty Experts**.
> March 2 · Las Vegas, NV, United States
>
> Arman Abulyan is one of our agents here at Vegas Realty Experts. Arman is fluent in English and Armenian and takes real estate to a higher level with his persistency and professionalism. Find out why he decided to pursue a career in real estate and choose Vegas Realty Experts as his home and became a part of the #higherstandard.
>
> Arman Abulyan | REALTOR®
> Vegas Realty Experts
> License # S.0196131
> 702-487-0006 [7]

28. Plaintiff Usanovic then received 2 back-to-back calls from VRE real estate agent Arman Abulyan on February 16, 2023 at 9:37 AM, again from 702-487-0006 to her cell phone. These calls were for the same purpose as the first call, and were made from the same number within one day of the prior call.

29. Plaintiff Usanovic has never done business with VRE. She has never provided her cell phone number to a VRE real estate agent; instead VRE provided Plaintiff's number for its agent to call to promote VRE's realty services.

30. The unauthorized solicitation calls that Plaintiff received from VRE, as alleged herein, have harmed Plaintiff Usanovic in the form of mental distress, annoyance, nuisance, and invasion of privacy, and disturbed the use and enjoyment of her phone, in addition to the wear

---

[7] https://www.facebook.com/profile/100042207954163/search/?q=0006

and tear on the phone's hardware (including the phone's battery) and the consumption of memory on the phone.

31. Seeking redress for these injuries, Plaintiff Usanovic, on behalf of herself and a Class of similarly situated individuals, brings suit under the TCPA.

## CLASS ALLEGATIONS

32. Plaintiff Usanovic brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Class:

> **Do Not Call Registry Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) one or more VRE real estate agents called more than one time in the aggregate, (2) within any 12-month period, (3) where the person's residential telephone number had been listed on the National Do Not Call Registry for at least thirty days, (4) to promote Vegas Realty Experts' realty services.

33. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant have been fully and finally adjudicated and/or released. Plaintiff Usanovic anticipates the need to amend the Class definitions following appropriate discovery.

34. **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable.

35. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a) Whether Defendant's conduct violated the TCPA;

(b) Whether Defendant and its agents placed multiple calls within a 12-month period to Plaintiff and other consumers whose telephone numbers were registered with the DNC for at least 30 days of the time of each call;

(c) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

36. **Adequate Representation**: Plaintiff Usanovic will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff Usanovic has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff Usanovic and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff Usanovic nor her counsel have any interest adverse to the Class.

37. **Appropriateness**: This class action is also appropriate for certification because Defendant acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as wholes, not on facts or law applicable only to Plaintiff Usanovic.

38. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**FIRST CLAIM FOR RELIEF**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Usanovic and the Do Not Registry Class)**

39. Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

40. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered her or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

41. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

42. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff Usanovic and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

43. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff Usanovic and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of the Defendant in violation of 47 C.F.R. § 64.1200, as described above.

44. As a result of Defendant's conduct as alleged herein, Plaintiff Usanovic and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200. To the extent Defendant's misconduct is determined to be willful and knowing, the Court

should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Usanovic individually and on behalf of the Class, prays for the following relief:

45. An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff Usanovic as the representative of the Class; and appointing her attorneys as Class Counsel;

46. An award of actual and/or statutory damages and costs;

47. An award of attorney's fees;

48. An order declaring that Defendant's actions, as set out above, violate the TCPA;

49. An injunction requiring the Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Class; and

50. Such further and other relief as the Court deems just and proper.

### JURY DEMAND

Plaintiff Usanovic requests a jury trial.

DATED this 28th day of July, 2023.

        **KELLY USANOVIC**, individually and on behalf of all others similarly situated,

        By: /s/ *Rachel E. Kaufman*
        Rachel E. Kaufman
        rachel@kaufmanpa.com
        KAUFMAN P.A.
        237 S Dixie Hwy, 4th Floor
        Coral Gables, FL 33133
        Telephone: (305) 469-5881

        Jeffrey A. Cogan, Esq.

JEFFREY A. COGAN CHARTERED, a PLLC
1057 Whitney Ranch Drive, Suite 350
Henderson, Nevada 89014-3191
Telephone: (702) 474-4220
Facsimile: (702) 474-4228
Email: jeffrey@jeffreycogan.com

*Attorneys for Plaintiff and the putative Class*